**SO ORDERED: February 22, 2008.**



James K. Coachys
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VERA LOUISE THOMPSON, | ) | Case No. 01-14943-JKC-13 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| VERA LOUISE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 07-50567 |
| | ) | |
| CITIMORTGAGE, INC., and | ) | |
| YARLING & ROBINSON, | ) | |
| | | |
| Defendants. | | |

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS DEBTOR'S CLAIM FOR EMOTIONAL DISTRESS DAMAGES

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's Prayer for Damages for Emotional Distress (the "Motion"), wherein they argue that Plaintiff's claim for emotional distress damages should be denied as a matter of law. At a hearing on January 29, 2008,

the Court indicated that a Motion to Strike filed under Federal Rule of Civil Procedure 12(f) was not the proper vehicle for Defendants' argument and, sua sponte, converted the Motion to one under Rule 12(b)(6), i.e., for failure to state a claim upon which relief can be granted. At the conclusion of the hearing, the Court requested that the parties file post-hearing briefs. Having reviewed such briefs, the Court issues the following Order.[1]

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (applicable in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7012), the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed.R.Civ.P. 12(b)(6); *United States v. Clark County, Ind.,* 113 F.Supp.2d 1286, 1290 (S.D.Ind.2000). The question under Rule 12(b)(6) is whether there is any set of facts consistent with the plaintiff's allegations that would give rise to a right to relief. The court will dismiss a complaint for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir.1996) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900 (7th Cir.1997) ("It is enough if the complaint puts the defendants on notice of the claim and that some set of facts could be presented that would give rise to a right to relief."). In making its determination, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of plaintiffs. *Mallett v. Wisconsin Div. of Vocational Rehab.,* 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio,* 93 F.3d 301, 305 (7th Cir.1996).

In her Complaint, Debtor states under "Factual Allegations" that Defendants' alleged actions

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

caused her mental anguish and emotional distress. She does not, however, specifically request damages for emotional distress in her prayer for relief. At the hearing and in her brief, Debtor clarified that she is seeking such damages pursuant to 11 U.S.C. § 362(h) for Defendants' alleged violation of the automatic stay and the Real Estate Settlement Procedures Act ("RESPA), 12 U.S.C. § 2605. Defendants argue that Debtor's claim for emotional distress damages–at least as it relates to violation of the automatic stay–must be denied as a matter of law pursuant to the Seventh Circuit's decision in *Aiello v. Providian Financial Corp. (In re Aiello)*, 239 F.3d 876 (7th Cir.2001).[2] Debtor, in turn, argues that *Aiello's* holding is distinguishable from the facts of her case. The Court agrees.

Despite Defendants' claims to the contrary, *Aiello* stands only for the proposition that a debtor may not recover for purely emotional injuries resulting from a stay violation. The court left unanswered the question of whether such damages are appropriate where the debtor also establishes actual financial injury. *Id.*, at 880 ("if [debtor] could show that she suffered . . . a financial loss, she might be permitted to piggyback a claim for damages for incidental emotional distress").[3] Unlike the debtor in *Aiello*, Debtor has alleged actual financial injury in additional to damages for emotional distress. Moreover, courts have allowed claimants under RESPA to recover damages for emotional distress. *See, e.g., Johnstone v. Bank of America (In re Johnstone)*, 173 F.Supp.2d 809, 814

---

[2] It both its Motion and post-hearing brief, Defendants' argument is limited to Debtor's claim for emotional distress damages for violation of the automatic stay. They do not address a claim for such damages under RESPA.

[3] In reserving this question, the Seventh Circuit cites to the "clean-up" doctrine of equity, which allows "the court to 'top off' relief designed to redress any financial injury inflicted by the violation of the automatic stay with an award of damages for incidental harms, perhaps including emotional distress . . . to spare the debtor from having to bring two suits." *Id.* at 381. In their Motion, Defendants do not argue that Debtor's request for emotional distress damages under § 362(h) should be denied as a matter of law even in light of the "clean-up" doctrine and, thus, the Court does not address that issue here.

(N.D.Ill.2001) (citations omitted).

Based on the foregoing, Debtor is not barred as a matter of law from bringing a claim for damages for emotional distress and either 11 U.S.C. § 362(h) or RESPA. Defendants' Motion is, therefore, denied.

###

Distribution:

Christine M. Jackson
Kevin A. Halloran
Charles F. Robinson, Jr.
UST